## Johnson Estate

*Joseph W. Forbes* and *John B. Gest*, for accountant.

TAXIS, P. J., December 6, 1962.—There is presented for decision an important question concerning payment of the Pennsylvania inheritance tax. It arises in the following manner:

Marian Keating Johnson died January 6, 1962, leaving a will dated November 15, 1956. She provided that two pecuniary legacies, one of which lapsed, be paid free and clear of all tax. She then directed that her residuary estate be divided into four equal parts:

"*Sixth:* One of said parts, or one-quarter of said remainder of my estate, I give, devise and bequeath outright to my brother Lindley Johnson, Jr., to be his absolutely.

"*Seventh:* The other three-quarters of the remainder of my estate I give, will, devise and bequeath to my Trustees, hereinafter named . . . " for decedent's daughter and the latter's husband with remainder to her issue and contingent remainders for charitable purposes.

If decedent had died prior to January 1, 1962, the effective date of the new inheritance tax statute, there would have been deducted from the brother's share of the residuary estate the inheritance tax at the rate of 15 percent. Should the 15 percent tax on the brother's gift be considered a charge against and be deducted from the residuary estate, or should it be deducted entirely from the brother's inheritance?

The pertinent sections of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961*, P. L. 373, read as follows:

"718(a) *Outright Devises and Bequests.* In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property passing by will absolutely and in fee, shall be paid out of property forming a part of the residuary estate . . .

"(b) *Transfer for Limited Period.* In the absence of a contrary intent appearing in the will or other instrument of transfer, the inheritance tax imposed by this act, in the case of a transfer of any estate, income or interest for a term of years, for life, or for other limited period, shall be paid out of the principal of the property by which the estate, income or interest is supported . . .

"(c) *Other Transfers.* Except as provided in subsections (a) and (b) of this section, the ultimate liability for inheritance tax imposed by this act shall be upon each transferee."

Does section 718(a) apply to gifts of residue? A reading of section 718(a) indicates that if it were held to apply or be applicable to gifts of residue, section 718(a) would then have to be read as providing that the tax on outright gifts of residue should be paid from the residue itself. The provision would seem to be unnecessary as there is no other source of payment. Such an interpretation of a statute should be avoided and an interpretation adopted which gives effect to all its terms.

It is clear that section 718(a) changes the prior law as to pre-residuary gifts. The tax on such devises

---

*Section 14(16) of the Wills Act of April 24, P. L. 89, added by Act of September 15, 1961, P.L. 1343, effective January 1, 1962, conforms the rules of interpretation of wills with section 718 of the Inheritance and Estate Tax Act of 1961.

and bequests clearly is to be borne by the residuary estate. However, it is not clear that section 718(a) was designed to apply to outright residuary gifts. On this problem section 718(a), at best, is ambiguous. Being ambiguous, it would seem that a more clearly stated statutory provision would be required before the legislature should be deemed to have desired a change in prior law. To accomplish such a change would require clear and unambiguous language. No such clear and unambiguous language appears in section 718(a). I conclude, therefore, that section 718(a) does not apply to outright gifts of residue.

Furthermore, even if section 718(a) were interpreted as being applicable to gifts in residue, section 718(a) provides that the tax is to be "paid out of property forming a part of the residuary estate." It could be said that payment of the brother's tax from his share of the residue thus conforms to this language since the tax would be paid from "a part" of the residuary estate, namely, the brother's one-fourth part.

When we turn to section 718(b), a different provision is observed. It is there provided that "inheritance tax imposed by this act . . . in the case of the transfer of any estate, income or interest for a term of years, for life, or for other limited period, shall be paid out of principal of the property by which the estate, income, or interest is supported."

Whether this provision was intended to relate to the entire tax on the trust estate or to the tax on life interests only may not be clear, but it is clear that in the present case the tax on the daughter's interest in the trust estate would be payable out of the trust estate and not out of the residue before division into shares.

Therefore, if the tax on the gift to the brother were to be spread over the residue before division there would not be a reciprocal handling of the tax on the

daughter's interest by reason of the fact that such tax would be payable out of the trust estate and not out of the residue before division into shares.

This would create a rather curious situation. If section 718(a) were held to apply to the gift of the one-fourth share of the residuary estate so that the brother's 15 per cent were spread over the entire residuary estate before division and the tax on the trust could not be so handled, it would result not in equalizing the tax on the two parts of the residuary estate but in an imbalance in favor of the collateral heirs and against the direct heirs. The brother would then pay only the one-fourth of his 15 percent or three and three-quarters percent on the value of his share. The three-quarters share of residue in trust would then be paying the balance on the brother's tax at the rate of $11\frac{1}{4}$ percent, but additional tax on the trust estate under section 718(b) would be payable out of the principal of the trust estate.

Since section 718(a) does not apply to the gift to decedent's brother under the residuary clause, the gift comes under section 718(c) and the tax is, therefore, upon the transferee.

The award of the one-fourth share of the residuary estate to Lindley Johnson, Jr., is made subject to the payment of inheritance tax at the rate of 15 percent after division of the residue ...

And now, December 6, 1962, this adjudication is confirmed nisi.